**Anthony ONYEAGORO, Petitioner,**

**v.**

**Eric H. HOLDER, Attorney General, Respondent.**

**No. 05–71804.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed Feb. 4, 2009.

R.App. P. 34(a)(2).

Gregory John Olive, Esquire, Gregory J. Olive, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Parker Levings, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Petitioner Anthony Onyeagoro, a native and citizen of Nigeria, petitions for review from a decision of the Board of Immigration Appeals, which found that Petitioner attempted to obtain an immigration benefit by fraud or wilful misrepresentation of a material fact and was therefore inadmissible and removable under 8 U.S.C. § 1227(a)(1)(A). Reviewing *de novo* the BIA's finding, *Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1287 (9th Cir.2004), we deny the petition.

Title 8 U.S.C. § 1182(a)(6)(C)(i) states that, "[i]n general[,] [a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the Unit-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ed States ... is inadmissible." Petitioner argues that he is not subject to § 1182(a)(6)(C)(i) because he did not marry a United States citizen to procure admission as an immigrant. The record supports the BIA's finding to the contrary.

Petitioner married a United States citizen in May 1992. He then filed an application to adjust his status to that of a lawful permanent resident on July 13, 1992, based on that marriage. In his application, Petitioner stated that he had been married previously to a woman in Nigeria and that the marriage had ended with her death. In support of the application, Petitioner submitted what he claimed to be a Nigerian death certificate for the woman. Documentary evidence showed the death certificate to be a fake, and Petitioner admitted as much. Because Petitioner used the false document to support his claim of a valid marriage to a United States citizen, the requisite nexus is established.

Petitioner further argues that his employment-based visa was improperly revoked. However, under 8 U.S.C. § 1154, the government properly revoked Petitioner's employment-based visa because he was found to have entered into a marriage for the purpose of evading immigration laws. The record supports the BIA's finding.

Finally, Petitioner asserts in the closing paragraph of his reply brief that he is entitled to a waiver of inadmissibility, based on hardship to his mother. The BIA did not err because Petitioner failed to establish a biological relationship with his purported mother.

PETITION DENIED.